BROWN *against* RICKETTS and others, Executors.

*Publication is passed in a cause, by filing a certificate of the clerk of the entry* October 14.
*and expiration of the previous rules, with the register or assistant register,
and entering a rule with him to pass publication. Either party who has ex-
amined witnesses may give rules for publication, but the rule for publication
can be entered only by the party who has given the previous rules.*
*The defendant cannot pass publication on the plaintiff's rules; nor* vice versa.

THE defendants' solicitor entered a rule with the clerk on the 22d of *March*, 1817, giving three weeks to the plaintiff to produce witnesses; and on the 12th of *April*, 1817, he entered another rule, for the plaintiff to show cause why publication should not pass in three weeks. After the expiration of the time, he took no further step in the cause, and did not pass publication; which is done by procuring the clerk's certificate of the entry and expiration of those rules, and filing it, and entering the rule for publication with the register.

The plaintiff's solicitor then entered the rule himself with the register, to pass publication, and set down the cause; and now moved to bring on the cause for hearing.

The counsel for the defendants objected that the cause was not ready for hearing, and that publication has not duly passed. He contended, that the opposite solicitor could not do it upon the defendants' rules, and could only pass publication *upon his own rules.* As the cause now stood, the defendants' solicitor might go on and examine

**1817.**

**BROWN
v.
RICKETTS.**

witnesses, and he might have good reasons for not passing publication.

*Burr*, for the plaintiff.

*Riggs*, contra.

THE CHANCELLOR was of opinion that the objection was well taken, and that the cause was, consequently, not ready for hearing. In one of Lord *Coventry's* rules (*Beames' Orders in Chancery*, p. 96.) it was declared to be the course of the court to permit the party to examine witnesses *until publication*. There is no doubt that either side who has examined may give rules for publication, but the defendant cannot give them, until the plaintiff has been in default. (*Newland's Practice*, p. 143.) Publication cannot pass but by rule to be entered with the register or assistant register. This has been frequently declared by orders in the *English* chancery to be the practice; (*Beames' Orders*, p. 319. 333. 336.) and it is the practice here. The passing publication being founded on the previous rules for publication, it can only be done by the party procuring the rules. They are connected parts of one act, and it would be unfit and unprecedented, for the defendent to pass publication upon the plaintiff's rules, when he is only entitled to proceed with *his rules*, on the plaintiff's default.

                                             Motion denied.